Good morning. May it please the Court, my name is Eric Butz. I'm representing Kyle Oberg in his appeal before this Court. We have asked the Court to vacate the sentence that was and remand it to the District Court based upon the Court's, we believe, unreasonable evaluation of the arguments presented both in the sentencing memorandum and at sentencing, specifically the impact of the Child Pornography Guideline 2G2.1 that over-criminalizes conduct that's committed in virtually every child pornography offense. Now, of course, I mean, I know one of your points is that Congress really was the driving force behind the sentencing guidelines recommendations, not any kind of major empirical study, but that may be so. I mean, I know it is so, but when has either the Supreme Court or our Court said that district judges don't need to start with the guidelines however they arose, whether it was because Congress had input, whether it's because the Sentencing Commission studied it, that's still the starting point and you still have 3553A for particularization. Yeah, I would agree with the Court. I don't, well, I mean, all of the cases, Kimbrough, Rita, Gall, all of those say that the District Court is free to disregard the guidelines on policy grounds, and that's what we asked the Court to do in this instance, the District Court to do that. He said, I think this is a case for a guideline. He thought it was a very serious crime, and he gave it a very long sentence, and we can certainly have theoretical debates about whether long sentences work, but it was a lawful sentence, wasn't it? It was, well, it was at the statutory maximum, and our point was that he didn't carefully consider our argument regarding over-counting in the guidelines. He, on the transcript, the judge just said that Congress has directed the Sentencing Commission, and then he went on and said, why should I disregard the arguments of the Sentencing Commission, when in fact, it's not the argument of the Sentencing Commission. We presented citations to the Court in the Sentencing Memorandum where the Sentencing Commission itself said that the guidelines skewed the sentences that were based upon the guideline calculation. The Sentencing Commission said that fully 90 percent of the people in 2014 and 2015 received two or more enhancements. I mean, the purpose of the guidelines is to start as a, is to be used as a basis for a starting point, but the guidelines don't differentiate between individuals who have different criminal history in the area of child pornography, both 2G 2.2 and 2.1. But, you know, we've said that even if there's overlap in these adjustment factors in the guidelines, age of the victim, and use of a computer, and family relationship, and pattern, you know, all of those things. Sure, I mean, I can certainly see potential overlap, but that's not a problem. I mean, at least in computing the initial guideline level, and the acceptance of responsibility, and the way it was. And then it actually got cut down further because of the statutory maxima. The judge could have gone higher than this. He could have made them consecutive. And he could have gone lower. And our argument was that he should have gone lower, and there was ample evidence to support a downward variance from the guidelines as they were. The specific effect. So what was the best evidence, I mean, just in terms of, it's very hard to win raw reasonableness arguments, but they're there. And what do you think the best evidence that this was so extreme as to be an abuse of discretion is? Two things. Not only do the guidelines double count, he gets a Chapter 4 enhancement for the same conduct for which he receives specific offense characteristics, which results in roughly 9 to 10 points for exactly the same conduct. He's given a pattern and activity of sexual conduct, a Chapter 4 enhancement, which gives him a 5-level increase, and then he's also got a specific offense characteristic because it portrayed sadistic or masochistic conduct in addition to the commission of a sexual act. That's 6 levels there. So you've the idea of punishment? No. Why isn't this just punishment? Excuse me? Why is this sentence not plain punishment? I believe in reading, well, in being there at sentencing, that's what the judge intended to do. He intended to punish him as hard as he could. What's the limitation on that? 30 years. We're not happy with 30 years. I know, but if you're talking about rehabilitation, that's one thing. I can understand that. But what empirical data relates to punishment? We provided the court in the sentencing memorandum studies that were done on recidivism, and in one case in particular there were over 300. Well, recidivism is another thing, and punishment may be something else. Well, but I believe that it has to be the court in meting out punishment if the goal is to rehabilitate the people, and I don't think the sentencing commission... Well, that's what I'm saying. We eliminate rehabilitation. Then everyone should get 30-year sentences. I mean, that's not... But that's not the purpose of the guidelines or the 35-53... Well, that's why I asked in the beginning if the guidelines eliminated punishment as a factor in imposing sentence. In this instance, in the child pornography guidelines, I think the guidelines do everything they can to increase the punishment because of the over-counting and double-counting, and the fact that it's not empirically based. It's based upon mandates from Congress, and in fact, the sentencing commission has said that. Does the double-counting come into the fact that she's five years old and it's his own daughter? Is that a double-count? No, I would concede that double-counting for him being her parent is... There is no double-counting there. You receive an initial increase in the base offense level. I believe it's 26 or 28. It goes to 32 because of her age. So he receives an initial increase, and then the double-counting we're talking about is the fact that sexual exploitation of a minor and you've caused them to perform certain acts for purposes of visual depiction, that's always going to be in the commission of a sexual act and conduct results in the masochistic conduct, which is six points there, and then you get five points from Chapter 4. So our point is that he's receiving 11 points for exactly the same conduct. I frankly don't know. Did the sentencing guidelines take into consideration the relationship between the defendant and the child? Yes, it does. He gets a two-level increase because it's a father of the minor victim, or a family member, I think it is. We're not... I'm not saying that that's inappropriate or that's double-counting, not at all. I just didn't know. But I think that in reading the judge's comments at sentencing, it's clear when he began with the nature and circumstances of the offense, but he makes no distinction for my client's criminal history, and if there is no distinction for criminal history, if there is no... Doesn't he say that usually there's very little criminal history with people accused of these kinds of crimes? That's what the judge opined. However, if the 3553 factors have to do with nature and circumstances of the offense, and avoid unwanted sentencing disparities, you have an individual with no criminal history who gets a statutory maximum, he could have had 15 prior convictions and he would have gotten the same sentence, theoretically. Right. I see my time is... Okay, you can save a little time for rebuttal, that's fine. Thank you, Judge. Ms. Scott. May it please the Court? My name is Angela Scott, I represent the government. I just wanted to point out that the court, the district court, did in fact address the argument about the child pornography guidelines, the argument that they're flawed in some respect, and he said, the court specifically said that the fact of the matter is, the advice from the sentencing commission to me is this advice, I'm required to consider it, I don't have to abide by it, I can reject it, but I have to at least consider it. And when he was considering it, what he said is, I don't see any of these enhancements, I don't see anything about the base offense level that offends my sense of judgment in this case. And he went on to emphasize that this, that Mr. Olberg sexually exploited and abused his daughter on 24 separate occasions. He mentioned that several times. He said, 24 separate occasions this man sexually exploited and abused his daughter. I don't see any reason why I should reject the advice of the sentencing commission in a case where a man sexually abused his daughter 24 separate times. I don't see any reason why I should look at Mr. Olberg and say the guidelines, the advice from the sentencing commission, the imposition of the legislature's direction to the sentencing commission is ill-founded. Does it make sense in Mr. Olberg's case? 24 separate times he sexually abused AO. 24 separate times he took pictures and or video of AO. In addition, with respect to his criminal history, he did the court again address the fact that Mr. Olberg had no prior criminal history, or I'm sorry he did have some criminal history, he had a DUI. Some minor things. Right, a DUI and a couple of minor things. And the fact that he had no prior history, sexual abuse prior history of that. I mean you would concede, would you not? These child sex offense cases are always terrible. They're all over the block. I mean there are people who actually abuse real children, such as Mr. Olberg. There are people who have untold numbers of videos or pictures that are violent or awful, you know, who wind up with significant sentences. It's very hard to calibrate levels of badness, you know, in this. So does that just leave us saying, well, the district judge, you know, one district judge is going to think 30 years of time in a federal prison is good, and somebody else might think, oh, well 15 is going to be fine, you know, he's 15 years in a federal prison is a long time. No, Your Honor, I think the question is whether or not the court went through the proper analysis of the statutory factors in determining whether... But that's a procedural point. I think Mr. Butts is also making, as I said, a difficult but a permissible point that the ultimate sentence after the 3553 factors, after the proper, let's assume the proper, I don't think he actually says the guidelines are improperly calculated. He complains that they overlap, but if you take them as a given, 43 is the number. So I think he's saying the final sentence was substantively unreasonable. That's correct. He did say that. Is that maybe, the judge mentioned as many times as you indicated, 24 separate occasions for a 5-year-old daughter. That's correct, Your Honor, and he says... Not once, not twice, 24 times. Yes, that's correct. And the court does emphasize that his sentence, the objective in the particular sentence that he's given, when he asked Mr. Butts if there were any arguments in mitigation that he didn't cover, there was an argument that he didn't cover, in fact he did cover after Mr. Butts raised it. He said, as far as I'm concerned, the sentence that the court gave him was the sentence was the consequence of the offense. Promoting respect for the law and providing just punishment. And again, Your Honor, he talked about the seriousness of the offense with respect to not only what had happened to AO by her father, but what was, what her mother and grandmother were worried about would continue to happen to her, and the things she was suffering from now... Sure, the long-term consequences. Right. So, Your Honor, we would also point out that some of the things that Mr. Butts raises that the court did not address, as we said in our brief, we believe that those arguments were waived under Sanchez because... But you know, wouldn't you see a difference between somebody saying you didn't talk about a certain factor versus preserving the right to say, well sure you talked about, you know, pattern of activity, but I have a problem with the substance of what you said. I mean, you don't just keep telling the judge I don't agree with the substance of it. Those are two different things. It seems to me he's really here not saying the judge forgot anything. He's saying the judge, he just doesn't think the judge did it right. Well, he does argue in his brief that the judge did not discuss any of Mr. Oberg's positive qualities or his criminal history, when in fact he did talk about his criminal history. And as far as the positive qualities, Mr. Butts did not specifically bring that to the court's attention when he was asked if there were any supplemental arguments that the court needed to address before formally imposing a sentence. If there was something in particular that Mr. Butts believed the court should address, then that was the appropriate time to say, well judge, you know, I think you need to address this. But I think his principal point here is more the double counting, the empirical basis. Those are all preserved arguments. Yes, yes, yes, Your Honor. I agree that they are preserved. And I do agree they're preserved, but I do believe that, Your Honor, that the district court addressed those. I do believe he addressed those. And I think he said, basically, look, you know, he says Mr. Butts raised the good argument about them being flawed, the guidelines being flawed, but I just don't think that that's, you know, a good argument here because of what Mr. Oberg did. Now, the judge never says, does he, I don't remember in this transcript, but I didn't remember the judge ever saying, and by the way, I don't really care what the guidelines say, I think a 30-year sentence is the right sentence for Mr. Oberg. Oh, no, he never said that. He doesn't do that, yeah. That's correct. He said, you know, I have to, you know, look at them and consider them and decide whether or not I want to follow them. I mean, because sometimes judges will say, you know, here's this tricky guideline point, but actually, no matter how it gets resolved because of 3553A, here's where I'm going, and as long as that's within statutory boundaries, it's all right. Right. No, he says the fact of the matter is the advice from the Sentencing Commission to me is this advice. I'm required to consider it. I don't have to abide by it. I can reject it, but I have to at least consider it. Right. No, he clearly understands that. Yes, ma'am. What would you consider mitigating factors in this case? Not in this case, in any case like this. I'm sorry? Mitigating factors, what would they be? There aren't, in this case, I didn't see any mitigating factors. I agree with the judge in all the cases that I've done, I have never had a defendant with any kind of prior criminal history or any kind of similar behavior in the past, so I don't know what kind of mitigating behavior. So apart from prior criminal history? I don't see any kind of mitigating behavior. If there's no further questions. I see none, so thank you very much. Thank you. Mr. Butts. Counsel, I'll ask you the same question. What are mitigating factors in this case? Criminal history, I believe nature and circumstances of the offense, as horrible as it is, the physical conduct was limited to three events, not 24. There were additional pictures. I report to the Price case out of this district where an individual physically abused many individuals, his sister, his daughter, and others, and other cases that were brought to the court's attention at the district court level. As horrible as this is, and it always, these are horrible cases, we admit that, I don't believe that the 3553 factors were considered at all. And in fact, when the court asked about the sentence that was going to be imposed, the sentence in this case, I impose a guideline sentence. It wasn't a guideline sentence. Statutory maximum. I will impose a 366. Well, it was lower than a guideline sentence would have been, right? Because the guidelines were capped by statute. By the statutory maximum, and, but again, we don't believe that he gave due consideration to the factors, the 3553 factors. Thank you very much. Thank you so much. And you were appointed, were you not, Mr. Butts? Yes, Judge, I was. We appreciate very much your efforts for the court, for your client. Thank you. Thank you. And again, thanks as well to the government. We will take the case under advisement.